UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYMUR VALIYEV, | Case No.: 3:25-cv-3743-CAB-BJW |
| Petitioner, | |
| v. | **ORDER:** |
| CHRISTOPHER LAROSE, | **(1) PARTIALLY GRANTING WRIT OF HABEAS CORPUS** |
| Respondent. | |
| | **(2) DENYING MOTION FOR COUNSEL, [Doc. No. 14.]** |

Before the Court is Petitioner Seymur Valiyev's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment.  [*Id.* at 9, 13.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker. [*Id.* at 10.] On April 3, 2026, Petitioner filed a motion to appoint counsel. [Doc. No. 14.] For the reasons below, the Court **PARTIALLY GRANTS** the request for

1

a writ of habeas corpus, **ORDERS** that Petitioner receive an individualized bond hearing, and **DENIES** the motion to appoint counsel.

## I.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## II.    DISCUSSION

### A.    Jurisdiction

Respondent challenges this Court's jurisdiction based on 8 U.S.C. § 1252(g).  [Doc. No. 4 at 4–6.]  This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios.  Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondent's jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F.Supp.3d 1133, 1138–39 (S.D. Cal. 2025).

### B.    Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—over fifteen months—violates his Fifth Amendment right to due process.  [Petition at 5.]  Respondent counters that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved.  [Doc. No. 4 at 6–10.]  Respondent cites to *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) to argue that Petitioner has no due process rights beyond those afforded by statute.  [*Id.* at 9.]  The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the

3:25-cv-3743-CAB-BJW

Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondent's position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D.

3:25-cv-3743-CAB-BJW

Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). The second factor consists of the anticipated duration of all removal proceedings—including administrative and judicial appeals. On April 7, 2026, an Immigration Judge ("IJ") denied all of Petitioner's applications for relief and ordered Petitioner removed to Azerbaijan. [Doc. No. 15.] Petitioner reserved the right to appeal the IJ's order to the Board of Immigration Appeals ("BIA"), and so his order of removal is not yet final. [Doc. No. 15 at 1–2.] If Petitioner appeals the IJ's denial to the BIA, Petitioner could expect a lengthy appeals process. Accordingly, the second factor slightly weighs in favor of Petitioner, as the Court cannot anticipate the duration of the removal proceedings. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth factor, Petitioner concedes that some of the delays were caused by his attorneys, [Petition at 13], and Respondent argues that Petitioner caused all of the delays, [Doc. No. 4 at 11–12.] Petitioner states that he terminated one of his attorneys because that attorney was not responsive to Petitioner and did not appear at one of Petitioner's hearings. [Petition at 13.] Given the circumstances of Petitioner's delays, the fourth factor weighs only slightly against Petitioner. *See Bayani v. LaRose*, 3:26-CV-266-JES-VET, 2026 WL 194748, at *3 (S.D. Cal. Jan. 26, 2026). Regarding the fifth factor, Petitioner's individual merits hearing was reset once due to an IJ's resignation and another time at Respondent's request. [Doc. No. 4 at 3–4; Doc. No. 11 at 1.] Therefore, this fifth factor weighs in favor of granting relief. *See Bayani*, 2026 WL 194748, at *3. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

3:25-cv-3743-CAB-BJW

In sum, factors one (the most important), three, and five weigh for Petitioner and factor two weighs slightly for Petitioner, while factor four weighs slightly against Petitioner and factor six is neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(2) without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

### III.  MOTION TO APPOINT COUNSEL

Petitioner moves to appoint counsel because his individual merits hearing was rescheduled several times, and it is difficult to access files related to his case from detention. [Doc. No. 14.] While there is no constitutional right to appointment of counsel in habeas proceedings, a district court may provide counsel for any financially eligible person seeking habeas relief under § 2241 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In making this assessment, courts must evaluate "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The appointment of counsel is left to the sound discretion of the Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

As a threshold matter, Petitioner has not sufficiently pled that he cannot afford counsel. Petitioner's motion to appoint counsel is therefore **DENIED WITHOUT PREJUDICE**. If Petitioner wishes to pursue an appeal with the BIA, Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner. The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

### IV.  CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondent

to provide Petitioner an individualized bond hearing by **May 1, 2026**.  The Clerk of the Court shall close the case on May 8, 2026 unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated:  April 17, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-3743-CAB-BJW